```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

DAVID W. PENNEY, §
 §
    Plaintiff, §
 §
vs. § Civil Action No. H-06-3746
 §
OFFICER WOLSEY, TEXAS STATE §
TROOPERS, TEXAS DEPARTMENT OF §
PUBLIC SAFETY, STATE OF TEXAS, §
and DOES I - L, §
 §
    Defendants.

## ORDER

Pending before the court is Plaintiff's Request for Judicial Notice (Docket Entry No. 42) and the response filed thereto. Here, Plaintiff seeks to have the court, accept as a proven fact, that the Texas Department of Public Safety accepts federal funds and, thus, has waived Eleventh Amendment immunity. In support, Plaintiff cites Espinosa v. Tex. Dept. of Public Safety, 148 Fed. App'x 224 (5th Cir. 2005). In that case, the court found that the State of Texas accepted federal funds that were conditioned on a waiver of immunity under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a), and upheld the lower court's finding that the State of Texas had waived sovereign immunity by accepting those funds.

Plaintiff misapprehends the nature of judicial notice and the scope of the Espinosa decision. Federal Rule of Evidence 201 allows a court to take judicial notice of adjudicative facts. A judicially noticed fact "must be one not subject to reasonable

dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Plaintiff's request that the court take judicial notice that the State of Texas has accepted federal funds and waived its sovereign immunity is not a fact that satisfies either prong of the rule.

As explained in the court's Memorandum and Recommendation, a state's receipt of federal funds does not automatically constitute a waiver of its Eleventh Amendment immunity. See Hurst v. Tex. Dept. of Assist. and Rehabilitative Svs., 482 F.3d 809, 810-11 (5th Cir. 2007).

If Plaintiff seeks to prove, as a matter of law, that the State of Texas has waived its sovereign immunity under the Eleventh Amendment, he must make the required showing. See Hurst, 482 F.3d at 811.

Plaintiff's request for judicial notice is **DENIED**.

**SIGNED** this 9th day of August, 2007.

Nancy K. Johnson
United States Magistrate Judge