UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID W. PENNEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-06-3746 |
| § | |
| OFFICER WOLSEY, *et al.*, § | |
| § | |
| *Defendants*. § | |

### ORDER ADOPTING IN PART MAGISTRATE JUDGE'S
### MEMORANDUM AND RECOMMENDATION

Having reviewed the Magistrate Judge's Memorandum and Recommendation dated June 3, 2008 (Dkt. 59), the court is of the opinion that the Memorandum and Recommendation be ADOPTED in part.[1] Accordingly, defendants' motion for summary judgment on plaintiff David W. Penney's federal claims is GRANTED.[2] (Dkt. 49.)

The Magistrate Judge recommended that the defendants' motion be granted as to all issues except whether defendant Roger Wolsey was entitled to qualified immunity for his actions in the initial stop of Penney. (Dkt. 59 at 27.) The Magistrate Judge noted that Wolsey attested to executing the traffic stop after his speed detector registered Penney as exceeding the posted speed limit by five miles per hour. The Magistrate Judge also noted that Penney attested that "he was traveling with the flow of traffic and at the speed limit," (Dkt. 1, Ex. 1,) and "claims that the warning ticket he received

---

[1] Neither party filed objections.

[2] The Magistrate Judge recommended that defendants' motion be granted in part and denied in part. Further, the Magistrate Judge recommended that Penney's claims against Doe I and Does III–L be dismissed because Penney failed to identify them within the two-year statute of limitations under 42 U.S.C. § 1983. (Dkt. 59 at 19 & n.86.)

indicates that he was traveling sixty-five miles per hour," the speed limit. The Magistrate Judge then found,

> Competent summary judgment evidence in the form of affidavits or declarations supports both parties' contentions. Although seemingly minor, this factual dispute is critical to the determination of whether Defendant Wolsey violated Plaintiff's rights. In this case, speeding is the sine qua non of constitutionality. If Plaintiff was not speeding, Defendant Wolsey did not have probable cause to stop Plaintiff and the traffic stop violated the Fourth Amendment. By raising a fact issue on this point, Plaintiff meets his initial burden of presenting evidence of a constitutional violation.

(Dkt. 59 at 26.)  The court respectfully disagrees.

In pertinent part, Penney declared under penalty of perjury the following:

> On or about 14 December 2005, about 50 miles west of Houston at mile marker 718 eastbound on Interstate 10 at or about 7:00 p.m. (1900 hours), I was traveling in the right lane at the speed limit in heavy traffic following a white car with normal traffic fluctuations when a state trooper pulled me over. Vehicles in the left lane were passing us. I could see probably half a mile in front and behind me. The vehicles in the right lane were all traveling around 65 miles per hour (the speed limit) with minor fluctuations so as not to obstruct the flow of traffic.
>
> I said to the trooper, "Why did you stop me officer? I wasn't speeding. I was in a stream of vehicles following that white car."
> He said, "I saw you driving 65 (speed limit) and you would fluctuate up to 69 then back to 65 then back and forth. The speed limit is 65."
> I said, "I was in traffic and not about to obstruct the flow. I wasn't doing anything wrong. I was following the white car and keeping up with the flow of traffic."
> He said, "I'm sure you were following the white car, but I stopped the first car and that was you."  That's when I realized I could not expect reasonable communication from this officer.
> I said, "I was in a stream of traffic in the right hand lane."
> He said, "Well sometimes when you use cruise control, it can fluctuate when you go up and down hills." I said, "I wasn't using cruise control because of the traffic and there are not hills here that I can see."
>
> . . . .
>
> I asked him, "Then why did you even stop me?" He said he had jurisdiction all over the state and can stop anybody. Once again I said, "But I wasn't speeding. I was driving in a stream of traffic in the right hand lane. . . ."

> . . . .
>
> The first officer walked over to me and said, "You have to sign this in order to go. This is just a warning ticket." It was against my principles to sign it, because I hadn't done anything wrong, but I felt threatened by that point and was afraid of not signing it.
>
> . . . .
>
> Also, the ticket warns that I was speeding by traveling at 65 miles per hour.

(Dkt. 1, Ex. 1.)

Rule 1002 of the Federal Rules of Evidence, commonly called the "best evidence rule," mandates that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress."[3] But where the original is lost or destroyed, unobtainable, in possession of opponent, or is collateral to the controlling issue, "other evidence of the contents of [the] writing, recording, or photograph" is admissible. FED. R. EVID. 1004. The court finds that to the extent that Penney, through his declaration, asserts denying that he violated the speed limit when conversing with Wolsey after he pulled Penney over, the video recording of the traffic stop, submitted by defendants on a digital video disc (Dkt. 51), is the best evidence.[4]

Penney and Wolsey discuss the traffic violation on several occasions, as shown on the submitted video recording. First, Wolsey approaches Penney's vehicle and advises him that the

---

[3] Rule 1001 of the Federal Rules of Evidence defines "photographs" to "include still photographs, X-ray films, video tapes, and motion pictures."

[4] Although Penney submitted his declaration at a time when the video recording was under defendants' control, upon moving for summary judgment, where its contents would be a subject of proof, defendants produced the original. *See* FED. R. EVID. 1004(3) (original not required if "[a]t a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing").

3

speed limit is sixty-five and that Wolsey observed Penney speed up to seventy once or twice. In response, Penney says, "I'm sorry officer. I was just following that car in front of me." (Dkt. 51, Time Mark 396.) Subsequently, Penney says, "I was just following that car in front of me . . . . I was just trying to keep up with traffic . . . . And, I knew it was around sixty-five and that's what I was trying to do." (*Id.* at Time Mark 444.) Later, after Wolsey explains that he will issue a warning noting the violation and indicating that Penney "just needs to watch it," Penney says, "I thought I was. I'm sorry, I didn't realize I was doing that." (*Id.* at Time Mark 518.) Finally, Penney explains, "I really thought I was watching my speed officer. I don't get it. . . . I was just following the traffic. I was just trying to keep up with the [muffled]." (*Id.* at Time Mark 1036.)

Penney's declaration, together with the video recording, fails to contest Wolsey's attestation that "[t]hrough his radar detector, [he] determined that Dr. Penney . . . was traveling at 70 m.p.h. . . . ." (Dkt. 50.) Therefore, the court finds no genuine issue of material fact as to whether Wolsey had probable cause to execute the traffic stop.[5]

The Magistrate Judge recommended denying defendants' motion for summary judgment as to Wolsey's qualified immunity for his actions in the initial stop because she found an issue of fact as to the probable cause for executing the initial stop. Because this court finds that Wolsey had probable cause to execute the traffic stop, stopping Penney's vehicle was reasonable and did not violate his Fourth Amendment rights under the United States Constitution. *See Whren v. United*

---

[5] The court finds Penney's declaration that the warning citation given him by Wolsey reflects that Penney was traveling sixty-five miles per hour does not create a genuine issue of material fact. Notably, the video recording indicates that Wolsey, on two occasions, explained that the warning will reflect the speeding violation. More importantly, assuming Penney's declaration truthful, the contents of the warning citation, in light of overwhelming evidence to the contrary, shows no more than "some metaphysical doubt as to the material facts." *See Meinecke v. H&R Block*, 66 F.3d 77, 81 (5th Cir. 1995). The declaration is an unsubstantiated assertion equating to a mere scintilla of evidence insufficient to create a genuine issue of material fact. *See Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

*States*, 517 U.S. 806, 809-10 (1996) (decision to stop an automobile is reasonable "where the police have probable cause to believe that a traffic violation has occurred"). Hence, Penney fails to state a claim for an unlawful stop, *see id.*, and Wolsey is entitled to qualified immunity.

For the foregoing reasons, defendants' motion for summary judgment as to Penney's federal claims is GRANTED. The court ADOPTS the parts of the Magistrate Judge's memorandum and recommendation that grant defendants' motion and dismiss Doe I and Does III–L. Hence, Penney's federal claims are DISMISSED with prejudice.

Because the court does not find any constitutional violation, Penney's request for injunctive relief is DENIED. Further, the court declines to exercise supplemental jurisdiction over Penney's state claims, which are the subject of a separate proceeding filed in state court. (*See* Dkt. 55.) Therefore, Penney's state claims are DISMISSED without prejudice.

Signed at Houston, Texas on July 10, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY

5